United States Bankruptcy Court
District of Puerto Rico

In re:  
WILSON RODRIGUEZ SANTIAGO  
MADELINE CARRASQUILLO PAGAN  
    Debtors

Case No. 19-00119-MCF  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0104-3     User: sanabriae     Page 1 of 1     Date Rcvd: Apr 16, 2019  
                    Form ID: ocpmcf     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 18, 2019.  
db/jdb        +WILSON RODRIGUEZ SANTIAGO,    MADELINE CARRASQUILLO PAGAN,    CALLE CORAL A 14,    MANSIONES DE SANTA BARBARA,    GURABO, PR 00778-5108

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2019            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 16, 2019 at the address(es) listed below:  
         ALEJANDRO OLIVERAS RIVERA    aorecf@ch13sju.com  
         ALEJANDRO OLIVERAS RIVERA (ENO)    on behalf of Trustee ALEJANDRO OLIVERAS RIVERA aorecf@ch13sju.com  
         CARLOS G BATISTA JIMENEZ    on behalf of Creditor    BANCO POPULAR DE PUERTO RICO lcdobatista@frauyasoc.com  
         JAIME RUIZ SALDANA    on behalf of Creditor    ORIENTAL BANK CCU JRUIZ@JRSLAWPR.COM, rasanchez@orientalbank.com  
         MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov  
         OSMARIE NAVARRO MARTINEZ    on behalf of Trustee ALEJANDRO OLIVERAS RIVERA aorecf@ch13sju.com  
         ROBERTO ARISTIDES FIGUEROA COLON    on behalf of Debtor WILSON RODRIGUEZ SANTIAGO cmecf@fslawpr.com, G34025@notify.cincompass.com  
         ROBERTO ARISTIDES FIGUEROA COLON    on behalf of Joint Debtor MADELINE CARRASQUILLO PAGAN cmecf@fslawpr.com, G34025@notify.cincompass.com  
         TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico**

IN RE:

**WILSON RODRIGUEZ SANTIAGO**
aka **WILSON RODRIGUEZ**
**MADELINE CARRASQUILLO PAGAN**
aka **MADELINE CARRASQUILLO**

xxx–xx–0692
xxx–xx–3776

Debtor(s)

Case No. **19–00119 MCF**

Chapter **13**

FILED & ENTERED ON 4/16/19

### *ORDER CONFIRMING PLAN*

The debtor's (s') Chapter 13 plan was duly served on all parties. A hearing on confirmation of the plan was held after due notice to all parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. § 1325(a) are met.

1. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee may request the court for an order directing the debtor's employer to make the appropriate payroll deductions and payments to the trustee or to pay the debtor's entire earnings and wages to the trustee [11 U.S.C. § 1325(c)]. Such an order may be issued without further notice.

2. The debtor shall obtain the approval of the trustee prior to incurring additional debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant to 11 U.S.C. § 1305 (C) and the debt to be non dischargeable [11 U.S.C. § 1328 (d)].

3. If the debtor's plan is confirmed prior to the last day to file claims, or to object to the debtor's claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. 1329 may be required after these dates have past.

**Therefore, IT IS HEREBY ORDERED that the debtor's Chapter 13 plan dated 3/2/19 (docket#24) is confirmed**.

**ALLOWANCE OF DEBTOR ATTORNEY'S FEES**

The application for the allowance of reasonable compensation as authorized by 11 U.S.C. § 330, having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $3,000.00. Such fee, or a lesser amount pursuant to the Form B2030 filed, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

In San Juan, Puerto Rico, this Tuesday, April 16, 2019 .

Mildred Caban Flores
United States Bankruptcy Judge