IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

RECEIVED AND FILED - SJ-PR
USBC '19 NOV 8 PM 3:56

| In re: | Case No. | 19-00119-MCF13 |
|---|---|---|
| Wilson Rodriguez Santiago<br>Madeline Carrasquillo Pagan | Chapter 13 | |
| *Debtors* | | |

## MOTION REQUESTING LEAVE TO FILE PROOF OF CLAIM

**TO THE HONORABLE COURT:**

**COMES NOW Grupo HIMA San Pablo, Inc.,** (hereinafter "HIMA") Creditor in the above captioned Chapter 13 Case, through the undersigned attorney, and respectfully states and prays:

1. On January 14, 2019, Debtor(s) filed for relief under the provisions of Chapter 13 of the Bankruptcy Code. (Docket No. 1)

2. HIMA was not given notice of Debtor(s) bankruptcy filing. (See Certificate of Service at Docket No. 7)

3. In light of the above, HIMA was not appraised of the scheduling of important events in the instant bankruptcy proceeding where its rights were affected. Specifically, HIMA was not appraised of the time and place of the 341(a) meeting with creditors, of the scheduling of Debtors' confirmation hearing, (which was scheduled for April 12, 2019), nor any other deadline related to Debtors' Bankruptcy, *including the deadline to file Proof of Claim*. (Docket No. 4)

4. On February 22, 2019, pursuant to Fed. R. Bankr. Proc. R 1009 and Local Bankr. Rule 1009-1, Debtors filed a motion entitled "DEBTORS' MOTION CONCERNING AMENDMENT TO SCHEDULE 'E/F'" ("first amendment to Schedule E/F"), stating therein that the purpose of the amendment to Schedule E/F was to *"include [...] account no. x1821, x5065, x3183, from*

*creditor Hospital HIMA San Pablo, PO Box 4980, Caguas, PR , 00726, balance owed $920.00."*

(Docket No. 17)

5. The first amendment motion included both the response time language required by Local Bankr. R. 9013(c), and the certificate of service language required by Local Banrk. R. 9013-3, which specifically stated that:

> "the foregoing has been served by depositing true and correct copies thereof in the United States Mail, postage prepaid, to none CM/ECF participants: […] to the creditors affected by the amendment: […] Hospital HIMA San Pablo, PO Box 4980, Caguas, PR 00726, and Creditors and parties in interest as per the attached master address list."
> See Docket No. 17, p. 2

6. Be that as it may, the master address attached to the first amendment to Schedule E/F ***did not include HIMA*** nor an address belonging to the company. (Docket No. 17, P. 13)

7. Thus, HIMA was not appraised by Debtors' first amendment to Schedule E/F.

8. On April 16, 2019, the Order Confirming Debtor's Chapter 13 Plan was entered by the Honorable Court. (Docket No. 29)

9. HIMA was not appraised of the Confirmation of Debtor's Chapter 13 Plan. (Docket No. 30, Certificate of Service)

10. On October 30, 2019, the undersigned received an email from Debtor's counsel, giving notice of the automatic stay on Debtor's Bankruptcy Case, with a copy of Page 8 of the recently filed Amended Schedule E/F ("second amendment to Schedule E/F" See Docket No. 35).

11. The Bankruptcy Code and Rules require a debtor to list all of its creditors so that these creditors are notified of key events in the bankruptcy proceeding that may affect their rights. The Bankruptcy Rules specify that known creditors must receive: (1) notice of deadlines for filing proofs of claims (bar date), Fed. R. Bankr. P.2002(a)(7); (2) a copy of the reorganization plan, Fed.

R. Bankr.P. 3017(d); (3) notice of the confirmation hearing, Fed. R. Bankr.P. 3017(d); and (4) the confirmation order, Fed. R. Bankr.P.2002(f). *Paging Network, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.),* 534 F.3d 76, 82 (1st Cir.2008).

12. If a creditor does not receive reasonable notice of a bankruptcy case and the particular bar dates, then its claim cannot be constitutionally discharged. *In Re TEMSCO Inc.,* 537 BR 108 (Bankr.D.P.R. 2015) citing *In re O'Shaughnessy,* 252 B.R. 722, 729 (Bankr.N.D.Ill.2000), *In re Longardner & Associates, Inc.,* 855 F.2d 455, 465 (7th Cir.1988), cert. denied, 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989).

13. No notice, reasonable or unreasonable, constructive or otherwise, was given to HIMA of Debtor's Bankruptcy case before October 30, 2019.

14. Thus, HIMA was not afforded with the opportunity to participate in Debtor's Bankruptcy Proceeding. As such, its rights were unreasonably affected in breach of the due process of law.

15. Given that we've been just appraised of Debtor's Bankruptcy Proceeding and given that the time to file claims in this case have already elapsed, we respectfully request the Honorable Court to grant us leave to file our claims against the estate.

**WHEREFORE**, the appearing Creditor in the above captioned case respectfully request the Honorable Court to take notice of the above and grants this motion for leave to file HIMA's claims against Debtors' estate.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail, including Debtor's attorney and the U.S. Trustee. I further certify I have served true and exact copies of this motion by United States Mail, postage prepaid, to the following address: Roberto A. Figueroa-Colón, Esq. PO BOX 1635 Guaynabo, PR 00970-1635.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, on this 7th day of November 2019.

*s/Rafael E. Díaz-Gonzalez, Esq.*
USDC 303703
PO Box 4980
Caguas, Puerto Rico 00726-4980
Tel.    (787) 653-3434 x4548
Fax.   (787) 653-1792
rediazlaw@gmail.com